UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CARL CAMPBELL,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:16-CV-04030-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING MOTIONS |

Petitioner, Carl Campbell, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket 1 and 22). The United States now moves to dismiss Campbell's § 2255 motion without holding an evidentiary hearing. (Docket 30). The matter was assigned to United States Magistrate Judge Veronica L. Duffy under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. Magistrate Judge Duffy recommends granting the United States's motion to dismiss. (Docket 30). Campbell timely filed his objection to the report and recommendation. (Docket 41). Campbell also moves to amend his § 2255 motion. (Docket 42). For the following reasons, the court adopts Magistrate Judge Duffy's report and recommendation, dismisses Campbell's § 2255 motion, and denies his motion to amend.

**FACTUAL BACKGROUND**

A full factual background was provided by Magistrate Judge Duffy in her report and recommendation. (Docket 39). Campbell's only factual objection to the Report and Recommendation addresses dates relied on in pages 28-33.

(Docket 41). Therefore, with the exception of the objected to dates, this court will rely on the magistrate judge's report and recommendation for the full background.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

I.  **The Report and Recommendation**

Campbell has ten objections to the Report and Recommendation. (Docket 41). First, he objects to the factual finding that the police interview of L.O. occurred on February 3, 2011. He claims it occurred on February 3, 2012. *Id.* Campbell also states there is a July 27, 2012, law enforcement interview of L.O. to which he has been denied access. *Id.*

After de novo review of Campbell's first objection, the court finds that the facts are accurately stated in the report and recommendation. Campbell claims counsel was ineffective because counsel failed to impeach L.O. or object to her testimony. The testimony of a witness may be discredited or impeached by

showing that she previously made statements that are inconsistent with her present testimony. Fed. R. Evid. 613. After a review of the record, there are no inconsistent statements to use for impeachment. The trial record shows L.O. testified that Campbell never pressured her to do anything. *See* JT at Docket No. 129-2 at p. 74. Furthermore, L.O. testified that she was the person who initiated the request that led to an attempted commercial sex act. *See id.* at pp. 65-66. Because defense counsel elicited this testimony from L.O., there was no need to impeach her.

As to the date of the February 3, 2011, interview, Campbell himself refers to a February 3, 2011, interview in his brief in opposition to the United States's motion to dismiss for failure to state a claim. *See* Docket 35 at pp. 49-50. Furthermore, Campbell's objection fails to provide a reason as to why the sequence of interviews is relevant to impeaching L.O. Even if the February 3, 2011, interview was February 3, 2012, the content would not change and create an inconsistent statement appropriate for impeachment.

As to the existence of the July 27, 2012, law enforcement interview, Campbell alleges that the interview contains a statement by L.O. that he never asked her to prostitute for him and never showed L.O. how to create and post a Backpage ad. (Docket 41). As stated above, defense counsel elicited similar testimony without referencing a July 27, 2012, interview. Therefore, Campbell has not shown he was prejudiced.

Campbell's remaining nine objections to the report and recommendation are objections to the legal conclusions. The objections are conclusory without

argument. The court has conducted a de novo review of the remainder of the report and recommendation, and adopts it in full.

II. **Evidentiary Hearing**

The government moves to dismiss Campbell's motion without holding an evidentiary hearing. (Docket 30). "A district court may deny an evidentiary hearing where (1) accepting the petitioner's allegations as true, the petitioner is not entitled to relief, or (2) 'the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (quoting *United States v. Sellner*, 773 F.3d 927, 929–30 (8th Cir. 2014)). Here, an evidentiary hearing is not required because even if the alleged contents of the July 27, 2012, interview were as Campbell stated, he would not be entitled to relief, because there is no inconsistent statement.

III. **Motion to Amend**

Campbell moves to amend his amended § 2255 motion. (Docket 42). "A party may amend its pleading once as a matter of course within . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The motion to amend was filed after the United States filed its answer and after Campbell had previously amended his complaint. (Docket 29 and 40). The United States has not provided written consent to Campbell's motion to amend. Therefore, Campbell needs leave of court to amend his complaint.

The court finds that justice does not require that Campbell be granted leave to amend his amended complaint because it would be futile. Motions to amend should be freely given in order to promote justice but may be denied when such an amendment would be futile. *Plymourth Cty., Iowa v. Merscorp, Inc.*, 774 F.3d 1155, 1160 (8th Cir. 2014) (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999)). In his second motion to amend, Campbell's allegation—that the jury instruction in his case constructively amended his indictment—is baseless. Campbell cites *United States v. Davis*, 854 F.3d 601 (9th Cir. 2017), in which the Ninth Circuit reversed part of a defendant's sentence because the indictment was constructively amended when jury instructions were given based on 18 U.S.C. § 1591(c), while the indictment only alleged a count under 18 U.S.C. § 1591(a). *See* Brief of Petitioner-Appellant's Opening Brief at 29-34, *Davis*, 854 F.3d 601 (No. 15-10402). While Campbell received a similar jury instruction, Campbell's indictment alleged a charge under 18 U.S.C. § 1591(c) and therefore the jury instruction did not constructively amend the indictment. *See* CR Docket 40. Because the amendment would be futile, the motion to amend is denied.

## CONCLUSION

After a review of Magistrate Judge Duffy's report and recommendation and Campbell's objections, the court finds no error in the report.

Thus, it is ORDERED

1. The report and recommendation (Docket 39) is adopted in full as supplemented herein.

2. Respondent's motion to dismiss (Docket 30) is granted.

3. Campbell's pro se petition for habeas corpus (Docket 1 and 22) is dismissed.

4. Based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

5. Campbell's motion to amend (Docket 42) is denied.

DATED August 22, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE